UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LUIS GEREDA,                                    CASE NO.: 6:25-CV-167

    Plaintiff,

vs.

STERLING BUILDING SERVICES, INC.,
AND CESAR BERMUDEZ,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Luis Gereda, sues Defendants, Sterling Building Services, Inc. and Cesar Bermudez, as follows:

*Parties, Jurisdiction, and Venue*

1. **Plaintiff, Luis Gereda**, is over 18 years old and has been a *sui juris* resident of Orange County, Florida, at all times material.

2. **Defendant, Sterling Building Services, Inc.,** is a *sui juris* Florida for-profit corporation that was authorized to conduct and actually conducted its for-profit business in Seminole County, Florida, at all times material, where it maintains its principal place of business.

3. **Defendant, Sterling Building Services, Inc.,** along with Sterling

1

Window Cleaning, Inc., comprise the "Sterling group" (https://www.sterlingbms.com/index.html). The two operate from the same office address and share the same corporate officers, managers, and a common core of employees. They should be considered together as an "enterprise" for purposes of the FLSA.

4. **Defendant, Cesar Bermudez,** was at all times material an owner/officer/director/manager of the corporate Defendant for the time period relevant to this lawsuit. He ran its day-to-day operations, was responsible for all operational decisions, and was partially or entirely responsible for paying Plaintiff's wages.

5. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331, 26 U.S.C. §201, *et seq.*, and pendent/supplemental jurisdiction over Plaintiff's related Florida state law claims.

6. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants maintained their principal places of business in this District, because Plaintiff worked and was due to be paid in this District, and because most if not all of the operational decisions were made in this District.

7. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

8. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

9. Defendants were Plaintiff's direct employers, joint employers, and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

10. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that traveled through interstate commerce or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the Fair Labor Standards Act.

11. Defendants own and operate a property management and cleaning business while using cleaning instruments, mops, carts, leaf blowers, trash bags, chemicals, solvents, paper goods, telephones, computers, computer networking equipment, computer software, goods, materials, and supplies that moved through interstate commerce.

12. Defendants also communicate with their workers and with others by regularly and routinely using telephones and transmitting information through

3

email and the Internet, which transmissions regularly and routinely traveled outside of the State of Florida.

13.     Defendants are an enterprise engaged in interstate commerce by virtue of their provision of property management and cleaning services for companies who engage in interstate commerce and at locations of interstate commerce (such as airports, ports, and military facilities).

14.     Defendants engage in interstate commerce by regularly and routinely exchanging billings/invoices with and exchanging payments with out-of-state customers and vendors.

15.     Defendants' corporate annual gross revenues derived from this interstate commerce are believed to exceed $500,000.00 for the relevant period and/or $125,000.00 for each fiscal quarter.

16.     Plaintiff was an hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

17.     Plaintiff was a non-exempt employee of Defendants.

18.     Plaintiff consents to participate in this lawsuit.

19.     Plaintiff worked for Defendants as a "cleaning clerk" from approximately October 2022 to June 2024.

4

20. Plaintiff's job duties involved performing designated cleaning and custodial work at the locations, dates, and times designated by Defendants.

21. To the extent that records exist regarding the exact dates of Plaintiff's employment, such records are believed to be in the exclusive custody of Defendants.

22. Defendants controlled all job-related activities of Plaintiff.

23. Defendants coordinated all job-related activities of Plaintiff.

24. Defendants supervised Plaintiff's work.

25. Defendants required Plaintiff to wear a "Sterling Building Services, Inc." shirt while working.

26. Defendants controlled Plaintiff in what he wore and/or could wear at work.

## COUNT I – FLSA MINIMUM WAGE VIOLATION(S)

Plaintiff, Luis Gereda, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

27. Defendants failed and refused to pay Plaintiff at least a minimum wage of $7.25 per hour for each of the hours he worked through approximately March 2023, violating the FLSA's requirement to receive at least a minimum wage.

28. As a direct and proximate result of Defendants' violations of the FLSA, as set forth above, Plaintiff is entitled to the difference between what Defendants paid him and the applicable federal minimum wage for all hours worked through approximately March 2023.

29. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff at least a minimum wage for the hours Plaintiff worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay at least the minimum wage, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff the minimum wage pay earned.

30. Plaintiff is entitled to a back pay award of minimum wages for all underpaid hours worked, an equal amount as liquidated damages, plus all attorney's fees and costs.

WHEREFORE Plaintiff, Luis Gereda, demands the entry of a judgment in his favor and against Defendants, Sterling Building Services, Inc and Cesar Bermudez, jointly and severally, after trial by jury and as follows:

    a. That Plaintiff recover compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

    b. That Plaintiff recover pre-judgment interest on all minimum wages due if the Court does not award liquidated damages;

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

    c.    That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

    d.    That Plaintiff recover all interest allowed by law;

    e.    That Defendants be Ordered to make Plaintiff whole by providing appropriate minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

    f.    That the Court declare Defendants to be in willful violation of the minimum wage provisions of the FLSA; and

    g.    Such other and further relief as the Court deems just and proper.

## COUNT II - FLSA OVERTIME WAGE VIOLATION(S)

Plaintiff, Luis Gereda, reincorporates and re-alleges paragraphs 1 through 26 as though set forth fully herein and further alleges as follows:

31.    Defendants agreed to pay Plaintiff at hourly rates that ranged from approximately $6 to $15 per hour.

32.    Defendants initially paid Plaintiff an hourly rate below the federal minimum wage of $7.25 per hour and then paid him $8 per hour even though they agreed to pay him more ($15 per hour and then $13 per hour).

33.    Defendants paid Plaintiff in cash for the time he worked through March 2023 and then by check for the remainder of his employment.

34.    Plaintiff regularly and routinely worked over 40 hours in one or more workweeks for Defendants.

7

35.     Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half times Plaintiff's regular hourly rate(s) of pay (of at least the applicable Florida minimum wage and/or the agreed-up hourly rates exceeding it) for all of the hours worked beyond 40 hours in a given workweek.

36.     Defendants willfully and intentionally refused to pay Plaintiff wages at a time and one-half times Plaintiff's regular rate of pay for each of the overtime hours worked during the relevant period.

37.     Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay an overtime rate, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff the overtime pay earned.

38.     Plaintiff is entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as liquidated damages, plus all attorney's fees and costs.

WHEREFORE Plaintiff, Luis Gereda, demands the entry of a judgment in his favor and against Defendants, Sterling Building Services, Inc. and Cesar Bermudez, jointly and severally after trial by jury, and as follows:

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

    a.    That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

    b.    That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

    c.    That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

    d.    That Plaintiff recover all interest allowed by law;

    e.    That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

    f.    That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

    g.    Such other and further relief as the Court deems just and proper.

## COUNT III – BREACH OF CONTRACT
### (Against Sterling Building Services, Inc.)

Plaintiff, Luis Gereda, reincorporates and re-alleges paragraphs 1 through 8 as though set forth fully herein and further alleges as follows:

39. Through this claim, Plaintiff seeks recover the "pure gap time" wages he worked and earned but did not receive.[1] *See, e.g., Jernigan v. 1st Stop Recovery,*

---

[1] *Thrower v. Peach County, Georgia, Bd. of Educ.*, 2010 WL 4536997, at *4 (M.D. Ga. Nov. 2, 2010) ("In the wage and hour world, this time between scheduled hours and overtime hours is known as 'pure gap time'.")

*Inc.*, 2017 WL 3682332 (M.D. Fla. Aug. 25, 2017) (citing *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 244 (3d Cir. 2014); *Botting v. Goldstein*, 2015 WL 10324134 (S.D. Fla. Dec. 21, 2015); *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F. 3d 106 (2d Cir. 2013); and *Monahan v. Cty. Of Chesterfield*, Va., 95 F.3d 1263, 1280 (4th Cir. 1996).)

40. Plaintiff and Defendant, Sterling Building Services, Inc., agreed that in exchange for Plaintiff expending time and effort on its behalf, it would compensate him at a rate of $15 for each hour he worked for them at the Genesis Health Club and $13 for each hour he worked at the laboratory location.

41. Plaintiff performed under the parties' contract/agreement by performing work for Defendant as aforesaid.

42. Defendant, Sterling Building Services, Inc., however, failed and refused to perform its obligation to timely pay Plaintiff at the agreed-upon rates, instead paying him $8 per hour for his work at the Genesis Health Club and at the laboratory location.

43. Plaintiff has been damaged due to this Defendant's failure to timely pay him the agreed-upon amounts for the work he performed since approximately June 2023.

WHEREFORE Plaintiff, Luis Gereda, demands the entry of a judgment in his favor and against Defendant, Sterling Building Services, Inc., after trial by jury, for all breach of contract damages suffered, plus pre-judgment and post-judgment interest, costs, and attorney's fees incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

COUNT IV – UNJUST ENRICHMENT
(Against Sterling Building Services, Inc.)

Plaintiff, Luis Gereda, reincorporates and re-alleges paragraphs 1 through 8 as though set forth fully herein and further alleges as follows:

44. Through this claim, Plaintiff seeks to recover the "pure gap time" wages that he worked and earned but did not receive.[2] *See e.g., Jernigan v. 1st Stop Recovery, Inc.*, 2017 WL 3682332 (M.D. Fla. Aug. 25, 2017) (citing *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 244 (3d Cir. 2014); Botting v. Goldstein, 2015 WL 10324134 (S.D. Fla. Dec. 21, 2015); *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F. 3d 106 (2d Cir. 2013); and *Monahan v. Cty. Of Chesterfield, Va.*, 95 F.3d 1263, 1280 (4th Cir. 1996).)

---

[2] *Thrower v. Peach County, Georgia, Bd. of Educ.*, 2010 WL 4536997, at *4 (M.D. Ga. Nov. 2, 2010) ("In the wage and hour world, this time between scheduled hours and overtime hours is known as 'pure gap time'.")

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

45. Plaintiff provided labor and services for Defendant, Sterling Building Services, Inc., and it received and accepted the benefits of the labor and services supplied by Plaintiff.

46. Plaintiff expected to be paid a reasonable value for the labor and services provided to this Defendant.

47. Plaintiff provided services on behalf of Defendant, Sterling Building Services, Inc., for its business, as requested, and it received and accepted the benefits of the work, efforts, and labor that Plaintiff provided.

48. Defendant, Sterling Building Services, Inc., was unjustly enriched in that it failed and refused to adequately pay Plaintiff for the benefits conferred upon it since approximately June 2023.

WHEREFORE Plaintiff, Luis Gereda, demands the entry of a judgment in his favor and against Defendant, Sterling Building Services, Inc., after trial by jury, for all breach of contract damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' fees incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Luis Gereda, demands a trial by jury of all issues so triable.

Respectfully submitted this 31st day of January 2025,

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:    305.230.4884
*Counsel for Plaintiff*
