UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LUIS GEREDA,

    Plaintiff,

v.                                          Case No.: 6:25-cv-00167-JSS-RMN

STERLING BUILDING SERVICES, INC.,
and CESAR BERMUDEZ

    Defendants.

_____

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement and Release is made between LUIS GEREDA ("GEREDA") and Defendants STERLING BUILDING SERVICES, INC., and CESAR BERMUDEZ ("DEFENDANTS") (collectively the "Parties").

WHEREAS, GEREDA filed the above-referenced lawsuit in the United States District Court for the Middle District of Florida, Orlando Division (Case No.: 6:25-cv-00167-JSS-RMN) against DEFENDANTS (the "Lawsuit"); and

WHEREAS, DEFENDANTS deny liability herein and any wrongdoing with respect to GEREDA; and

WHEREAS, the Parties wish to avoid litigation and settle and resolve all controversy between them amicably and expeditiously;

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby

STIPULATED AND AGREED by and between the undersigned parties that the Lawsuit is hereby resolved as follows contingent upon: (1) final approval by the Court; and (2) final payment pursuant to the terms of this Agreement, as follows:

    1.    **RECITALS**. The foregoing recitals are true and correct and are incorporated herein by this reference.

2. **RELEASE OF CLAIMS**.

a. GEREDA shall withdraw, in writing and with prejudice, any and all actions, claims or proceedings that GEREDA has filed against DEFENDANTS, including filing a Motion for Approval of Settlement in this matter.

b. In exchange for the consideration identified in Paragraph 3(a)(i)-(iii) below, this Agreement shall constitute a waiver and release of all claims GEREDA might have under the Fair Labor Standards Act and applicable Florida law against DEFENDANTS together with their parents, predecessors, successors, assigns, subsidiaries, affiliates, and insurers, and their past, present and future directors, officers, shareholders, members, employees, agents, and attorneys, both individually and in their capacities as directors, officers, shareholders, members, employees, agents, heirs or attorneys (collectively "Releasees") for unpaid wages and/or overtime compensation, liquidated damages and attorneys' fees.

c. In exchange for the separate consideration of $100 identified in Paragraph 3(a)(iv) below, GEREDA hereby knowingly and voluntarily releases and forever discharges Releasees of and from any and all claims, whether known, unknown, anticipated, unanticipated, disclosed or undisclosed which GEREDA has or might have as of the date of execution of this Agreement including, but not limited to, any claims arising out of or in any way connected with GEREDA's employment with any of the Releasees. Such claims include, but are not limited to, any claim that has been, could have been or could be alleged against Releasees under:

- Title VII of the Civil Rights Act of 1964, as amended;
- The Civil Rights Act of 1991;
- Sections 1981 through 1988 of Title 42 of the United States Code, as amended;
- The Employee Retirement Income Security Act of 1974, as amended (except for any vested benefits under any tax qualified benefit plan);
- The Immigration Reform and Control Act, as amended;
- The Americans with Disabilities Act of 1990, as amended;
- The Age Discrimination in Employment Act of 1967, as amended;
- The Worker Adjustment and Retraining Notification Act, as amended;
- The Fair Credit Reporting Act;
- The Occupational Safety and Health Act, as amended;
- The Sarbanes-Oxley Act of 2002;
- The Equal Pay Act;
- The Family and Medical Leave Act, as amended;
- The Florida Civil Rights Act – Fla. Stat. § 760.01, et seq.;
- Florida's Private-Sector Whistleblower's Act – Fla. Stat. §448.101 et seq.;
- Florida's Public-Sector Whistleblower's Act – Fla. Stat. §112.3187 et seq.;
- Florida's Statutory Provision Regarding Retaliation /Discrimination for Filing a Workers Compensation Claim – Fla. Stat. § 440.205;
- Florida's Statutory Wage Rate Discrimination Law – Fla. Stat. § 448.07;
- The Florida Equal Pay Act – Fla. Stat. § 725.07;
- The Florida AIDS Act – Fla. Stat. § 110.1125, § 381.00 and  § 760.50;

- Florida Discrimination on the Basis of Sickle-Cell Trait Law – Fla. Stat. §§ 448.075 et seq.;
- Florida OSHA -  Fla. Stat. § 442.018(2);
- Florida's Wage Payment Laws – Fla. Stat. §§ 448.01, 448.08;
- Florida's Minimum Wage Act – §§ 448.109, 448.110;
- Florida's General Labor Regulations – Fla. Stat. Ch. 448;
- Florida's Domestic Violence Leave Act – Fla. Stat. §741.313;
- Florida's Preservation & Protection of Right to Keep & Bear Arms in Motor Vehicles Act – Fla. Stat. §790.251;
- Any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance;
- Any public policy, contract, tort, or common law; and
- Any claim for costs, fees, or other expenses including attorneys' fees incurred in these matters.

3. **SETTLEMENT SUMMARY**.

a. If (1) GEREDA delivers to DEFENDANTS's attorney an executed original of this Agreement, a W-9 Form executed by GEREDA's counsel; and (2) the Court approves this settlement, then, in consideration of the matters set forth herein, DEFENDANTS shall pay to GEREDA the total sum of **Thirteen Thousand Seven Hundred and Fifty Dollars and Zero Cents ($13,750.00)** (hereinafter the "Settlement Sum").  Such Settlement Sum shall be allocated as follows and delivered within ten (10) business days of the Court approving this settlement to the FairLaw Firm Trust Account, for which an IRS Form 1099 shall be issued to Law Office of Brian H. Pollock, P.A. d/b/a FairLaw Firm:

   i) **$3,825.00** to LUIS GEREDA for claimed back wages;

   ii) **$3,825.00** to LUIS GEREDA as and for alleged liquidated damages;

   iii) **$6,000.00,** to FAIRLAW FIRM as attorneys' fees and costs; and

   iv) **$100.00,** to LUIS GEREDA for the general release provisions included herein

GEREDA understands and acknowledges that GEREDA would not receive the payments specified in this Paragraph, except for GEREDA's execution of this Agreement, including Releases contained herein, and GEREDA's fulfillment of the promises contained herein.

b. DEFENDANTS makes no representation as to the taxability of the amounts to be paid to GEREDA.  GEREDA agrees to pay his share of federal or state taxes, if any, which are required by law to be paid with respect to this settlement.  Moreover, GEREDA agrees to indemnify DEFENDANTS and hold them harmless from his share of any interest, taxes or penalties assessed them by any governmental agency as a result of his non-payment of taxes on any amounts paid to GEREDA under the terms of this Agreement.

    c. GEREDA affirms that as of the date GEREDA signs this Agreement, GEREDA is not Medicare eligible (i.e., is not 65 years of age or older; is not suffering from end-stage renal failure; has not received Social Security Disability Insurance benefits for 24 months or longer, etc.). Nonetheless, if the Centers for Medicare & Medicaid Services (CMS) (this term includes any related agency representing Medicare's interests, as well as any insurance carrier providing benefits under Medicare Part C or Part D) determines that Medicare has an interest in the payment to GEREDA under this settlement, GEREDA agrees to (i) indemnify, defend and hold Releasees harmless from any action by CMS relating to medical expenses of GEREDA, (ii) reasonably cooperate with Releasees upon request with respect to any information needed to satisfy the reporting requirements under Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007, if applicable, and any claim that the CMS may make and for which GEREDA is required to indemnify Releasees under this paragraph, and (iii) waive any and all future actions against Releasees for any private cause of action for damages pursuant to 42 U.S.C. § 1395y(b)(3)(A).

    4. **FUTURE EMPLOYMENT REFERENCES.** GEREDA agrees to direct all future employment reference inquiries to Andrea VanCuren at avancuren@sterlingbms.com (the "Designated Reference Contact"). Upon receiving an employment reference inquiry, the Designated Reference Contact shall provide only the following information: (i) dates of employment; (ii) job title(s) held; and (iii) rate of pay. The Designated Reference Contact shall not provide any additional information, opinions or commentary regarding GEREDA's job performance, work habits, reasons for separation from employment, the Lawsuit, or this Settlement Agreement and General Release unless required by law, rule or subpoena.

    5. **REVOCATION.** GEREDA acknowledges and understands that he may revoke this Agreement for a period of seven (7) calendar days from the day he executes this Agreement. Any revocation within this period must be submitted, in writing, to DEFENDANTS' attorney, and state, "I hereby revoke my acceptance of our Settlement Agreement and General Release." The revocation must be personally delivered to DEFENDANTS' attorney or her designee, or mailed to DEFENDANTS' attorney and postmarked within seven (7) calendar days of execution of this Agreement. This Agreement shall not become effective or enforceable until the revocation period has expired. If the last day of the revocation period is a Saturday, Sunday, or legal holiday, then the revocation period shall not expire until the next following day which is not a Saturday, Sunday, or legal holiday.

    6. **OPPORTUNITY TO REVIEW**. GEREDA acknowledges that he is aware that he has up to twenty-one (21) days to consider this Agreement and, by executing this Agreement, he is giving up all claims he may have against Releasees. GEREDA acknowledges that by executing this Agreement, he is giving up all claims he may have against Releasees. GEREDA acknowledges that he has been advised in writing to consult with an attorney and has had the opportunity to seek legal advice before executing this Agreement. In fact, GEREDA acknowledges that he has consulted with his counsel-of-record, Brooks LaRou, Esq. with FairLaw Firm prior to executing this Agreement. GEREDA acknowledges he enters into this Agreement voluntarily.

       7.       **NO ADMISSION**. Neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by DEFENDANTS of any liability, unlawful conduct of any kind or violation of any of the law, rule or regulation.

       8.       **SEVERABILITY**.  Except as set forth below, should any provision of this Agreement set forth herein be declared illegal or unenforceable by any court of competent jurisdiction such that it cannot be modified to be enforceable, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

       9.       **VENUE AND GOVERNING LAW**.  This Agreement shall be governed by the laws of the State of Florida without regard to its conflict-of-laws provisions.  In the event of any action arising hereunder, the Parties agree that venue in Orange County, Florida is proper and waive any objections based upon *forum non conveniens*.  In the event that a party commences an action for damages, injunctive relief, or otherwise to enforce the provisions of this Agreement, the prevailing party in any such action shall be entitled to an award of its reasonable attorneys' fees and all costs, including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.

       10.       **AMENDMENTS**.  This Agreement may not be amended, modified, altered, or changed, except by a written agreement which is both signed by all parties and which makes specific reference to this Agreement.

       12.       **EXECUTION.** Each Party represents that the person signing this Agreement on his/her/its behalf has the requisite authority to do so and to bind that Party to this Agreement. This Agreement may be executed in counterparts which, when taken together, constitute one Agreement. A copy or .PDF version of any signature or this Agreement shall be considered the same as an original for all purposes.

**THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.**

Dated: 04/02/2025

*Luis Gereda* (Apr 2, 2025 15:18 CDT)
LUIS GEREDA

STERLING BUILDING SERVICES, INC.

*Andrea VanCuren* (Apr 4, 2025 11:02 EDT)

Dated: Apr 4, 2025

Name: Andrea VanCuren

Title: General Manager

Dated: Apr 4, 2025

*Cesar E. Bermudez* (Apr 4, 2025 11:06 EDT)
CESAR BERMUDEZ

Page **5** of **5**

# Settlement Agreement (Final)(Gereda) - signed

Final Audit Report  2025-04-04

| | |
|---|---|
| Created: | 2025-04-03 |
| By: | Cynthia Acuna-Nelson (Cynthia.Acuna-Nelson@csklegal.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAANJ4uNykC_3oHR-mdSHnLDxLOaT_1gExE |

## "Settlement Agreement (Final)(Gereda) - signed" History

- Document created by Cynthia Acuna-Nelson (Cynthia.Acuna-Nelson@csklegal.com)
  2025-04-03 - 6:27:09 PM GMT

- Document emailed to avancuren@sterlingbms.com for signature
  2025-04-03 - 6:28:57 PM GMT

- Email viewed by avancuren@sterlingbms.com
  2025-04-04 - 2:44:51 PM GMT

- Signer avancuren@sterlingbms.com entered name at signing as Andrea VanCuren
  2025-04-04 - 3:02:34 PM GMT

- Document e-signed by Andrea VanCuren (avancuren@sterlingbms.com)
  Signature Date: 2025-04-04 - 3:02:36 PM GMT - Time Source: server

- Document emailed to cbermudez@sterlingbms.com for signature
  2025-04-04 - 3:02:38 PM GMT

- Email viewed by cbermudez@sterlingbms.com
  2025-04-04 - 3:05:55 PM GMT

- Signer cbermudez@sterlingbms.com entered name at signing as Cesar E. Bermudez
  2025-04-04 - 3:06:44 PM GMT

- Document e-signed by Cesar E. Bermudez (cbermudez@sterlingbms.com)
  Signature Date: 2025-04-04 - 3:06:46 PM GMT - Time Source: server

- Agreement completed.
  2025-04-04 - 3:06:46 PM GMT

![Adobe Acrobat Sign]