## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

LUIS GEREDA,

      Plaintiff,

  vs.

STERLING BUILDING
SERVICES, INC.; and CESAR
BERMUDEZ,

     Defendants.

Case No.
6:25-cv-167-JSS-RMN

## **ORDER**

    This matter is before the Court for consideration without oral argument on the parties' Joint Motion for Settlement Approval, Dkt. 20, filed April 4, 2025. Upon consideration, the Motion is due to be denied without prejudice.

## I.  BACKGROUND

    On January 31, 2025, Plaintiff Luis Gereda filed a Complaint against Defendants Sterling Building Services, Inc., and Cesar Bermudez, alleging violations of the Fair Labor Standard Act ("FLSA"). Dkt. 1. Plaintiff alleges that Defendants

failed to pay him at least minimum wage for all services rendered. Dkt. 1 at ¶ 27.

On April 4, 2025, the parties filed the instant joint motion to approve the settlement terms. Dkt. 20. Under the terms of the proposed settlement agreement ("Agreement"), Plaintiff will receive $3,825.00 for alleged unpaid wages, $3,825.00 in liquidated damages, and $100 in consideration for a general release of all non-FLSA claims. Dkt. 20-1 at ¶ 3. Plaintiff's counsel will receive $6,000.00 for attorney's fees and costs. *Id.* The parties ask the Court to approve the FLSA Agreement and to dismiss the case with prejudice. Dkt. 20.

## II. LEGAL STANDARDS

An FLSA settlement may become final and enforceable only where the Secretary of Labor supervises the settlement or, where the employee brings a private action, by a stipulated judgment entered by the district court after scrutinizing the settlement for fairness. *Lynn's Food Stores, Inc. v. U.S. Dep't of Lab.*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). To do this, a court considers:

(1) the existence of fraud or collusion behind the settlement;

(2) the complexity, expense, and likely duration of the litigation;

(3) the stage of the proceedings and the amount of discovery completed;

(4) the probability of [Plaintiff's] success on the merits;

(5) the range of possible recovery; and

(6) the opinions of . . . counsel[.]

*Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007), *report & recommendation adopted*, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007). Courts should be mindful of the strong presumption in favor of finding a settlement fair. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[1]

Courts must also scrutinize settlements to determine if a plaintiff's FLSA claims will be compromised by the deduction of attorney's fees, costs, or expenses. *Silva v. Miller*, 307 F. App'x 349, 351–52 (11th Cir. 2009) (per curiam). When a plaintiff receives less than a full recovery, any payment (whether agreed to by a defendant or not) above a reasonable fee improperly detracts from the plaintiff's recovery. A potential conflict can therefore arise between counsel and their client regarding how much of the plaintiff's total recovery should be allocated to attorney's fees and costs. It is the Court's responsibility to ensure that any such allocation is

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before the close of business on September 30, 1981.

reasonable. *See id.* One method of doing so is to use the lodestar method as a guide. In such a case, any compensation for attorney's fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award. Alternatively, where the matter of attorney's fees is addressed by the parties "independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) *represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.*

*Id.* (emphasis added).

### III.  ANALYSIS

The proposed Settlement Agreement contains one flaw.[2] It contemplates that it may be modified by writing. *See* Dkt. 20-1 at ¶ 10 ("This Agreement may not be amended, modified, altered, or changed, except by written agreement which is both signed by all parties and which makes specific reference to this Agreement."). The Court cannot find an agreement to be fair and reasonable unless it is in final form, with no opportunity for amendment. To hold otherwise would leave the parties free to circumvent *Lynn's Food* review through post hoc modifications of an already approved agreement. The provision must be removed. Until then, the Court cannot approve the proposed Agreement.

For this reason, it is **ORDERED** that the Joint Motion for Settlement Approval (Dkt. 20) is **DENIED without prejudice**. A renewed motion, which shall be filed on or before **April 25, 2025**, must address the issue outlined in this Order.

---

[2] The proposed Agreement also contains a commonly disfavored general release. But because Plaintiff receives separate consideration for the execution of the general release, the provision is appropriate under the circumstances. *See Roman v. FSC Clearwater, LLC*, No. 6:16-cv-969, 2017 WL 1653571, at *3 (M.D. Fla. Apr. 21, 2017), *report and recommendation adopted*, 2017 WL 1552304 (M.D. Fla. May 1, 2017) (approving settlement agreement providing $100 as separate consideration for a general release).

**DONE** and **ORDERED** in Orlando, Florida, on April 17, 2025.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Counsel of Record