UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LUIS GEREDA,

    Plaintiff,

  vs.

STERLING BUILDING
SERVICES, INC.; and CESAR
BERMUDEZ,

    Defendants.

Case No.
6:25-cv-167-JSS-RMN

## REPORT AND RECOMMENDATION

This matter is before the Court consideration without oral argument on the parties' Renewed Joint Motion for Settlement Approval, Dkt. 26, filed April 22, 2025. Upon consideration, I recommend granting the Motion and dismissing the case with prejudice.

## I.  BACKGROUND

On January 31, 2025, Plaintiff Luis Gereda filed a Complaint against Defendants Sterling Building Services, Inc., and Cesar Bermudez, alleging violations of the Fair Labor Standard Act ("FLSA"). Dkt. 1. Plaintiff alleges that Defendants failed to pay him at least minimum wage for all services rendered. Dkt. 1 at ¶ 27.

On April 4, 2025, the parties filed the first joint motion to approve the settlement terms (Dkt. 20), which was subsequently denied without prejudice. Dkt. 25. The parties then filed the instant Renewed Joint Motion, which contains a revised Settlement Agreement. Dkts. 26, 26-1. Under the terms of the proposed settlement agreement ("Agreement"), Plaintiff will receive $3,825.00 for alleged unpaid wages, $3,825.00 in liquidated damages, and $100 in consideration for a general release of all non-FLSA claims. Dkt. 26-1 at ¶ 3. Plaintiff's counsel will receive $6,000.00 for attorney's fees and costs. *Id.* The parties ask the Court to approve the FLSA Agreement and to dismiss the case with prejudice. Dkt. 26.[1]

## II.  LEGAL STANDARDS

An FLSA settlement may become final and enforceable only where the Secretary of Labor supervises the settlement or, where the

---

[1] The parties ask the Court to retain jurisdiction to enforce the settlement obligations. *Id.* The Court should decline to do so. Retention of jurisdiction over such matters is disfavored. *See Serbonich v. Pacifica Fort Myers, LLC*, No. 2:17-cv-528, 2018 WL 2440542, at *4 (M.D. Fla. May 29, 2018).

To the extent the parties anticipate the necessity for such a motion to enforce settlement terms, the Court notes that "[t]he enforcement of a settlement agreement is more than just a continuation or renewal of the dismissed suit and therefore requires its own basis for jurisdiction." *Garcia v. Ocwen Loan Servicing, LLC*, No: 6:17-cv-1551, 2020 WL 11272818, at *1 (M.D. Fla. Dec. 18, 2020), *report & recommendation adopted*, 2021 WL 4393105 (Jan. 5, 2021) (citing *E-Z Load Gate, Inc. v. Am. Moto Prods., Inc.*, No. 6:07-cv-1962, 2009 WL 3246414, at *4–5 (M.D. Fla. Oct. 6, 2009)) (internal quotations omitted).

employee brings a private action, by a stipulated judgment entered by the district court after scrutinizing the settlement for fairness. *Lynn's Food Stores, Inc. v. U.S. Dep't of Lab.*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). To do this, a court considers:

    (1) the existence of fraud or collusion behind the settlement;

    (2) the complexity, expense, and likely duration of the litigation;

    (3) the stage of the proceedings and the amount of discovery completed;

    (4) the probability of [Plaintiff's] success on the merits;

    (5) the range of possible recovery; and

    (6) the opinions of . . . counsel[.]

*Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007), *report & recommendation adopted*, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007). Courts should be mindful of the strong presumption in favor of finding a settlement fair. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

    Courts must also scrutinize settlements to determine if a plaintiff's FLSA claims will be compromised by the deduction of

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before the close of business on September 30, 1981.

attorney's fees, costs, or expenses. *Silva v. Miller*, 307 F. App'x 349, 351–52 (11th Cir. 2009) (per curiam). When a plaintiff receives less than a full recovery, any payment (whether agreed to by a defendant or not) above a reasonable fee improperly detracts from the plaintiff's recovery. A potential conflict can therefore arise between counsel and their client regarding how much of the plaintiff's total recovery should be allocated to attorney's fees and costs. It is the Court's responsibility to ensure that any such allocation is reasonable. *See id.* One method of doing so is to use the lodestar method as a guide. In such a case, any compensation for attorney's fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award. Alternatively, where the matter of attorney's fees is addressed by the parties "independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) *represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the*

> *reasonableness of the fee to be paid to plaintiff's counsel.*

*Id.* (emphasis added).

## III. ANALYSIS

### A.    The proposed settlement is fair and reasonable.

*Lynn's Food Stores* requires a court to determine whether a plaintiff's compromise of his claims is fair and reasonable. 679 F.2d at 1354–55.

I find no fraud or collusion behind the settlement. The case involves disputed issues regarding FLSA liability, which constitutes a bona fide dispute. Dkt. 26. After receiving sufficient information to make informed decisions, the parties decided to settle their dispute. *Id.* The agreement was reached after negotiation by represented parties in good faith to resolve an uncertain case. *Id.* Considering the foregoing, and the strong presumption favoring settlement, even though Plaintiff compromised the amount of his original claim, I conclude the settlement amount is fair and reasonable. I therefore find that the consideration being paid to Plaintiff to resolve his FLSA claims is fair and reasonable.[3]

---

[3] The parties included a general release of all claims in the Settlement Agreement. Although these are typically not approved in FLSA settlements, Plaintiff is receiving additional consideration for the execution of such provisions. *See* Dkt. 26-1. Because Plaintiff is receiving separate consideration, the Court finds the settlement fair and reasonable under the circumstances. *See Roman v. FSC Clearwater, LLC*, No. 6:16-cv-969, 2017 WL 1653571, at *3 (M.D. Fla. Apr. 21, 2017), *report and recommendation adopted*, 2017 WL

**B.    The award of attorney's fees and costs is reasonable.**

Turning to the reasonableness of the attorney's fees and costs in the amount of $6,000, the parties represent that they were negotiated separately from Plaintiff's recovery. Dkt. 20 at 3. I find that the fee amount is reasonable, and that the parties' representation adequately establishes that the issue of attorney's fees and costs was agreed upon separately and without regard to the amounts paid to Plaintiff. *See Bonetti*, 715 F. Supp. 2d at 1228.

Additionally, the fee award is reasonable considering it is under the lodestar analysis. Counsel represents that their billable rate is $500 per hour for attorney Brian H. Pollock, $325 per hour for attorney Patrick Brooks LaRou, and $165 per hour for the paralegal Steffany Sanguino. *See* Dkt. 24 at 2.  The Court may use its discretion and expertise to determine the appropriate hourly rate to apply to an award of attorney's fees. *See Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002).

Mr. Pollock's and Mr. LaRou's stated rates are high for Orlando. *See e.g.*, *Dixon v. Waste Pro of Fla., Inc.*, No. 8:22-cv-327, 2022 WL 18587780, at *3 (M.D. Fla. Dec. 16, 2022), *report & recommendation adopted*, 2023 WL 1781516 (M.D. Fla. Feb. 6, 2023) (finding the requested hourly rate to be pushing the bounds of proprietary for an FLSA case in the Orlando division and reducing the

_____

1552304 (M.D. Fla. May 1, 2017) (approving settlement agreement providing $100 as separate consideration for a general release).

- 6 -

lawyer's hourly rate to $425). I therefore find an hourly rate of $425 for Mr. Pollock to be reasonable in view of the rates typically charged in this district for attorneys with similar experience. *See Longra Perez v. Servello & Son, Inc.*, No. 6:24-cv-757, 2025 WL 714142, at *2 (M.D. Fla. Feb. 4, 2025) (finding $400 an hour reasonable for an FLSA lawyer with over 25 years of experience); *see also Pressley v. Roadsafe Traffic Systems, Inc.*, No. 6:24-cv-866, 2025 WL 566618, at *2 (M.D. Fla. Feb. 4, 2025) (finding $350 per hour reasonable for an FLSA lawyer with 17 years of experience). I also find an hourly rate of $250 for Mr. LaRou to be reasonable in view of the rates typically charged in this district for attorneys with similar experience (2.5 years of experience). *Cf, Kotilis v. Walmart Inc.*, No. 6:23-cv-2069, 2024 WL 4604045, at *2 (M.D. Fla. May 16, 2024) (granting a lawyer with over 20 years of experience $350 per hour in an FLSA case). I therefore recommend the Court base a reasonable award in this case on a lower hourly rate of $425 per hour for attorney Pollock and $250 for attorney LaRou.

Counsel also represents that attorney Pollock performed 2.3 hours, attorney LaRou performed 14.2 hours, and paralegal Sanguino performed 5.16 hours on this matter, *id.*, which is not excessive. Counsel represents that they have incurred $563.00 in costs. *Id.* And, despite Mr. Pollock's and Mr. LaRou's unreasonable rate,[4] the proposed award is roughly around the lodestar amount if that rate is

---

[4] I find Ms. Sanguino's rate reasonable in light of her experience and the paralegal fees charged in this district.

reduced, and so I find the $6,000 in attorney's fees and costs reasonable.[5] The Court should therefore approve the $6,000 in fees and costs.

## IV.  RECOMMENDATION

Accordingly, I respectfully **RECOMMEND** the Court:

1.      **GRANT** the Renewed Joint Motion for Settlement Approval (Dkt. 26);

2.      **DISMISS** the case **with prejudice**; and

3.      **DIRECT** the Clerk to terminate all pending deadlines and close the case.

### Notice to Parties

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of

---

[5] There are attorneys with more than 20 years' experience in FLSA matters in Orlando who charge only $300 and $350 per hour for their services. Miami-based counsel, like Messrs. Pollock and LaRou, are forewarned that they may not be reimbursed their full hourly rates under the FLSA fee-shifting provision in cases in the Orlando Division.

the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**ENTERED** in Orlando, Florida, on April 23, 2025.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Counsel of Record